<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL DELAHANTY *et al.* | Criminal Action No. 21-872 (MAS)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on several motions raised by Defendants Michael Delahanty ("Delahanty"), Matthew Przemieniecki ("Przemieniecki"), and Justin Ubry ("Ubry," and collectively with Delahanty and Przemieniecki, "Defendants"). First, Przemieniecki and Delahanty move for a bill of particulars. (ECF Nos. 38, 39.) Next, Ubry moves to dismiss Count Two of the Indictment. (ECF No. 40.) Third and finally, Delahanty filed an Omnibus Motion. (ECF No. 41.) The United States of America (the "Government") opposed Defendants' motions (ECF No. 44), and Przemieniecki and Ubry responded (ECF Nos. 45, 46). The Court has carefully considered the parties' submissions and decides some of the parties' motions without oral argument pursuant to Local Civil Rule 78.1, which is applicable to criminal cases under Local Criminal Rule 1.1. For the motions to dismiss, the Court will hear oral argument.

**I.    <u>BACKGROUND</u>[1]**

This case is about three police officers accused of using excessive force while arresting a minor ("Victim") suspected to have stolen and crashed a vehicle in Ewing Township, New Jersey.

---

[1] The Court must construe all factual allegations in the Indictment as true on a motion to dismiss. *United States v. Huet*, 665 F.3d 588, 595-96 (3d Cir. 2012).

(Indictment ¶¶ 2, 10, 12, ECF No. 1.) On a wintry and frigid January morning in 2018, Delahanty, Przemieniecki, Ubry, and a legion of law enforcement officers responded to a report of a stolen vehicle in Ewing Township. (*Id.* ¶ 2.) Victim, the suspected car thief, crashed the stolen vehicle while fleeing police and then ran from the scene of the accident. (*Id.* ¶¶ 2-3.) Within moments, Victim hid inside a shed-like structure located on a residential property near the scene of the crash. (*Id.*) Hot on Victim's trail, roughly a dozen officers descended on the shed Victim was hiding in, shouting for him to come out. (*Id.* ¶ 3.) The officers forcibly removed Victim from a rear-side window before bringing Victim to the snow-covered ground. (*Id.*) Thereafter, while law enforcement handcuffed Victim and in the moments that followed, Delahanty, standing nearby, approached Victim and "stepped on the back of [his] head." (*Id.* ¶¶ 4-5.) A few seconds later, Przemieniecki walked over to Victim as he laid subdued and "kicked snow three times directly into [his] face." (*Id.* ¶ 6.) Ubry then followed suit by also "kick[ing] snow directly into [Victim's] face." (*Id.* ¶ 7.) To top it all off, shortly after, Przemieniecki reapproached Victim while he was on the ground and "stepped on the back of [Victim's] head, again pressing it into the snow." (*Id.* ¶ 8.) The surrounding officers finished handcuffing Victim, raised him to his feet, and marched him off to the police station. According to the Indictment, Victim was not resisting arrest at any time after police pulled him from the shed window. (*Id.* ¶¶ 4-9.)

A grand jury sitting for the District of New Jersey indicted Defendants on two counts. (*See generally* Indictment.) Count One charges Delahanty and Przemieniecki with using unreasonable force while acting under color of law, a felony, in violation of 18 U.S.C. § 242. (*Id.* ¶ 10.) Count Two charges Ubry under the same law as a misdemeanor offense. (*Id.* ¶ 12.) Following the Indictment, Defendants individually filed several motions. (ECF Nos. 38-41.) Defendants claim their innocence and argue that they did not violate federal law when arresting Victim.

The Motions before the Court are as follows. *First*, Delahanty and Przemieniecki moved for a bill of particulars. (Delahanty's Mot. for Bill of Particulars, ECF No. 39; Przemieniecki's Mot. for Bill of Particulars, ECF No. 38.) Invoking Federal Rule of Criminal Procedure 7(f),[2] both Delahanty and Przemieniecki request that the Government provide certain facts underlying the Indictment to allow them to prepare their respective defenses.[3] (Delahanty's Bill of Particulars Moving Br. 2, ECF No. 39-1; Przemieniecki's Moving Br. 2, ECF No. 38-1.)

*Second*, Delahanty also filed an Omnibus Motion to both dismiss the Indictment and require the Government to produce discovery. (Delahanty's Omnibus Moving Br., ECF No. 41.) In this motion, Delahanty requests the following relief:

- Dismissal of Count One of the Indictment;

- Disclosure of the Government's expert reports, summaries of expert testimony, and qualifications of experts;

- Disclosure of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) ("*Brady* materials");

- Disclosure of Rule 404(b) evidence;

---

[2] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Criminal Procedure.

[3] Specifically, Delahanty and Przemieniecki request that the Government:

> (1) "Provide with specificity what bodily injury it is alleged that [D]efendant[s] . . . caused to [V]ictim"; (2) Provide when the injury was inflicted; (3) Provide how the injury was inflicted; (4) Demonstrate whether the injury to Victim was caused by any other individual or incident; (5) State whether Victim reported his injury, with details on when it was reported and who he reported it to; (6) Provide information on whether a medical professional treated Victim; and (7) Demonstrate whether there are any "reports of examination or tests concerning the alleged injury."

(Przemieniecki's Mot. for Bill of Particulars 1-2; *see also* Delahanty's Mot. for Bill of Particulars *1-2.)

- Disclosure of *Jencks Act* materials;

- Disclosure of grand jury materials, including (1) Count One instructions, (2) testimony of all grand jury witnesses, (3) all exhibits presented, and (4) any grand jury colloquies;

- Leave to file additional motions.

(*See generally id.*)

*Third*, Ubry filed a motion to dismiss Count Two, arguing that his conduct did not violate a clearly established right. (Ubry's Mot. to Dismiss ¶ 5, ECF No. 40; Ubry's Reply Br. 1, ECF No. 46.) Ubry stresses to the Court that the Constitution does not protect an individual from getting snow kicked in his face, and thus the Court should dismiss Count Two under Rule 12(b)(3)(B)(v) for failing to state an offense. (Ubry's Moving Br. 2, ECF No. 40-1.)

II. **DISCUSSION**

At the outset, some of Delahanty's motions are moot or unopposed, and therefore ripe for succinct resolution. The Government also requests reciprocal discovery in line with the Court's scheduling order. The Court therefore tackles those preliminary motions first. The Court will then address Defendants' motions for a bill of particulars and turnover of the grand jury materials. As to Delahanty and Ubry's motions to dismiss, the Court reserves judgment pending oral argument.

A. **The Parties' Moot or Unopposed Motions**

Several of Delahanty's motions are unopposed by the Government or moot because the requested relief is already mandated by law. To start, Delahanty asserts that the Government must produce expert reports and summaries of the Government's proposed expert testimony. (Delahanty's Omnibus Moving Br. *10.)[4] The Government agrees and affirms that it will comply

---

[4] Page numbers preceded by an asterisk refer to the page number atop the ECF header.

4

with the Rules. (Gov't's Opp'n Br. 23-24, ECF No. 44.) As such, the Court denies Delahanty's motion as moot.

Next, Delahanty argues that the Government should disclose *Brady* materials. (Delahanty's Omnibus Moving Br. *10 (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).) The Government maintains that this motion is also moot since it is legally obligated to turn over these materials. (Gov't's Opp'n Br. 24.) The Court agrees, as no such motion is necessary to trigger the Government's already-existing legal duty. As such, Delahanty's motion is denied as moot.

The same pattern follows with Delahanty's requests that the Government provide evidence mandated by Rule 404(b) and separately that the Government should provide him with *Jencks Act* materials. (Delahanty's Omnibus Moving Br. *12-13.) As the Government consents to turn over these materials, as it legally must do anyway (Gov't's Opp'n Br. 26), the Court denies Delahanty's motions as moot.

Next, Delahanty requests that the Court allow him to file additional motions. (Delahanty's Moving Br. 14.) The Government does not oppose this request, so long as Delahanty's additional motions are timely. (Gov't's Opp'n Br. 27.) Accordingly, Delahanty may submit additional motions in accordance with the Court's scheduling order and the governing Rules.

The Government counters with a motion of its own, requesting reciprocal discovery under Rule 16(b)(1), and asserting that, to date, the Government "has not received reciprocal discovery from any [D]efendant." (*Id.* at 28.) Within a reasonable time, in accordance with the Court's scheduling order (*see* ECF No. 43), Defendants shall turn over necessary discovery to the Government as mandated by Rule 16(b)(1).

Having addressed the low-hanging fruit, the Court next turns to the contested motions.

B.     **Bill of Particulars**

Under Rule 7(f), Przemieniecki and Delahanty both move to require a bill of particulars from the Government that details Victim's injuries. (*See generally* Przemieniecki's Mot. for Bill of Particulars; Delahanty's Mot. for Bill of Particulars.) According to Przemieniecki and Delahanty, such materials are needed to adequately prepare a defense. (Przemieniecki's Mot. for Bill of Particulars 2; Delahanty's Mot. for Bill of Particulars 2.) Przemieniecki and Delahanty home in on Victim's purported injuries, postulating that they may have been caused by the car accident that preceded Victim's arrest. (*E.g.*, Delahanty's Bill of Particulars Moving Br. *1-2 ("[Victim] inconsistently alleges injuries that could have been the result of the car accident.").) In response, the Government counters that Rule 7(f) does not require the Government to provide its legal theories to Defendants before trial, nor does it require every fact to be proven at this stage. (Gov't's Opp'n Br. 4.)

Rule 7(f) states that an indictment needs to provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(f). A court should grant a motion for a bill of particulars when the indictment does not provide factual or legal information (1) necessary for the defendant to prepare a defense or (2) that would lead to prejudicial surprise if not provided. *United States v. Rosa*, 891 F.2d 1063, 1066-67 (3d Cir. 1989). A bill of particulars functions to give notice to a defendant regarding information not available in the indictment; it is meant to clarify the act or acts that a defendant is accused of. *United States v. Santos*, No. 18-585, 2020 WL 5366384, at *3 (D.N.J. Sept. 8, 2020). But Rule 7(f) "does not require the United States Attorney to furnish a three dimensional colored motion picture of the prosecution's proof prior to trial." *United States v. Caruso*, 948 F. Supp. 382, 395 (D.N.J. 1996). So, a court should not grant a bill of particulars if its only use is to secure evidence pretrial. *Green*

*v. Del., L & W.R. Co.*, 211 F. 774, 775 (D.N.J. 1914). Further, a bill of particulars is not supposed to furnish to the defense "each and every document that provides additional information about a criminal charge." *N. Jersey Media Grp., Inc. v. United States*, 836 F.3d 421, 439 (3d Cir. 2016).

The Indictment here details the events underlying Defendants' deprivation of rights charge. That is, it provides the date and time of the incident, along with facts about the altercation. (Indictment ¶¶ 5-8.) What's more, there is video footage of the incident from several of the police officers' body cameras that captured the events. (Gov't's Opp'n Br. 8 (representing that the Government disclosed "over forty motor vehicle and body camera recordings").) And to be sure, the Government already provided discovery to Defendants, including Victim's statements regarding injuries he suffered. (*See* Przemieniecki's Bill of Particulars Moving Br. *2.) Thus, Defendants understand the conduct for which they stand trial and may prepare their defenses accordingly. *Caruso*, 948 F. Supp. at 395 (denying defendant's bill of particulars motion because the indictment and discovery adequately informed the defendant of his charges).

Contrary to Przemieniecki and Delahanty's beliefs, a bill of particulars is not the appropriate procedural vehicle to dispute factual issues reserved for trial. (*But see* Przemieniecki's Bill of Particulars Moving Br. *2 (arguing that Victim inconsistently reported his injuries and may have suffered them during the car accident before his arrest); Delahanty's Bill of Particulars Moving Br. 2 (same).) Nor does Rule 7(f) pave the way for Defendants to force the Government into answering detailed interrogatories about the alleged harm to Victim.[5] *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975) (bill of particulars is not intended to provide a "wholesale

---

[5] The Government represents that it turned over Victim's statements about his injuries to Defendants. (Gov't's Opp'n Br. 10 ("[T]he Government has supplemented that information with extensive discovery, including . . . statements of [Victim].").) Even if Rule 7(f) was geared towards mandating discovery, which it is not, the Government would have satisfied its pretrial burden.

discovery of the Government's evidence"). Rather, a bill of particulars is only necessary where the Government failed to furnish to Defendants the minimum amount of information required to put on a defense. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). Here, the Indictment and extensive discovery provided, including police reports and video footage, suffice. (*See, e.g.*, Indictment.) Defendants' theory that Victim inconsistently recounted his arrest-inflicted injuries is a credibility determination better reserved for trial. Thus, the Court denies Przemieniecki and Delahanty's motions for a bill of particulars.

### C. Delahanty's Request for Grand Jury Materials

Next, Delahanty seeks to receive production of all grand jury materials, "including testimony, exhibits and instructions of law presented to the grand jury and any grand jury colloquy with the Assistant United States Attorney." (Delahanty's Omnibus Moving Br. *4.) The Government alleges that the secrecy of the grand jury materials should be protected because Delahanty fails to either provide a particularized need or identify any misconduct. (Gov't's Opp'n Br. 16.) The Court agrees and denies Delahanty's motion.

Under Rule 6(e)(3)(E), a court can order disclosure of grand jury materials if there is a particularized need that outweighs public interest. Fed. R. Crim. P. 6(e)(3)(E). The burden rests on the defendant. *Douglas Oil Co. of Cal. v. Petrol Shops Nw.*, 441 U.S. 211, 223 (1979). The district court has significant discretion in determining whether to grant such a motion. *In re Grand Jury Matter*, 682 F.2d 61, 64 (3d Cir. 1982). A court should only grant disclosure if the defendant shows that, absent access to the information, a "substantial likelihood" of prejudice exists. *United States v. Eisenberg*, 773 F. Supp. 662, 709 (D.N.J. 1991). This is because "the proper function[] of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co.*, 441 U.S. at 218. It is settled law that mere speculation of misconduct during the grand jury proceedings

is not enough to suggest a "particularized need." *United States v. Budzanowski*, 462 F.2d 443, 454 (3d Cir. 1972). Further, a court cannot grant access to grand jury materials simply for the convenience of gathering evidence or an investigatory purpose. *In re Grand Jury Matter*, 682 F.2d at 66.

Based on the record in this case, Delahanty fails to provide a particularized need or articulate any prejudice relating to the grand jury proceedings; he merely surmises that the Government acted untowardly in securing an indictment. (Delahanty's Omnibus Moving Br. *8-9.) Although Delahanty announces that his request is a not a "fishing expedition" (*id.* at 9), the Court is not convinced. In casting doubt on the Government's grand jury interactions, Delahanty offers only his opinion that the Indictment incorrectly asserts that Victim did not resist arrest. (*Id.*) The Government's interpretation of evidence and how it depicts events in the Indictment, however, are insufficient to warrant turning over the grand jury materials. *Eisenberg*, 773 F. Supp. at 710 (finding that speculation about a grand jury error is not enough to show a "substantial likelihood of prejudicial irregularities in the grand jury proceedings"). Moreover, as to prejudice suffered, Delahanty alleges that he lost his pension and a local newspaper "misreported his behavior." (Delahanty's Omnibus Moving Br. 9.) But neither of these events relate to the grand jury proceedings. Courts rarely grant motions to disclose grand jury materials and do so only in limited circumstances, such as when it is necessary to refresh a witness' memory or impeach a witness. *Callahan v. A.E.V. Inc.*, 947 F. Supp. 175, 178-79 (W.D. Pa. 1996). No warranting circumstance exists here, and so the Court denies Delahanty's motion.

**D.     Delahanty's Motion to Dismiss Count One and Ubry's Motion to Dismiss Count Two**

The final motions brought by Delahanty and Ubry are of significant consequence: they attempt to dismiss the charges before trial and take this case from the hands of the yet-to-be-

empaneled jury. (Delahanty's Omnibus Moving Br. *4-9; *see also* Ubry's Mot. to Dismiss.) For these motions, the Court will hear oral argument before ruling.

### III.   CONCLUSION

For the above reasons, the Court (1) denies Delahanty and Ubry's motions for a bill of particulars; (2) denies Delahanty's request for grand jury materials; (3) denies as moot Delahanty's request for *Brady* materials, Rule 404(b) evidence, and expert reports; (4) grants Delahanty's request to file additional motions in time; and (5) grants the Government's request for reciprocal discovery. Delahanty and Ubry's motions to dismiss are reserved pending oral argument. The Court will issue an order consistent with this Memorandum Opinion.

*[signature]*

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE